Curia, per Harper, Ch.
The principal question in this case, is not one of construction, as seemed to be thought in argument, but of fact. No doubt a reasonable and competent support is given by the will, -both to the testator’s *341 widow, 'and to his daughter and grand-child. But this reasonable and competent support, does not mean merely the food and clothing necessary to sustain life, nor any other fixed quantity or allowance, but must, as contended for on the part of the appellant, depend on circumstances and exigencies. If, as in the case of Whilden vs. Whilden, a testator leaves a fund for the support of a large family, of whom one is an infant, one a boy at school, one at College, you would not give an equal allowance for the support of each of these. The enquiry would be, what was necessary,' or suitable and proper, or what amounts to the the same thing, reasonable and competent, in the situation of each.
But suppose, as in the same case, that you should find one established in the world of a large fortune, perhaps larger than that of the father, living in a style of fashion and expense, how would you make an allowance for his support 1 One would hardly think of making him such an allowance as should supply necessary food and clothing. But beyond this, there is no limit but such a provision as will enable him to live in the style and manner in which the testator knew him to be living, so as to exempt his private fortune from that expense, and enable it to accumulate. But this would be to defeat the purpose for which support was provided ¡
In the case before us, it is contended on behalf of the appellant, that she should have such an allowance as would support her in the place and manner she had been accustomed to live. There seems to be no other practicable method of construing a bequest for support or maintenance, than to mean, that support shall not be wanting.If the legatee’s private means are unable to supply it, the deficiency shall be made up out of the testator’s bounty. Of course, a different intention, gathered from the terms of a particular will, might lead to a different construction. In the present case, the widow, so far as appears, had no property of her own. Her support, therefore, must, of necessity, have been provided for, altogether out of the testator’s estate. But it is agreed that his daughter had sufficient property for the support of herself and child, and *342 there was no room for the bequest for the support to take effect.
It was argued, with respect to the grand-child, that he had no property of his own, and must, therefore, come within the scope of the testator’s bounty. The claim, however, is not on his behalf, but that of his mother. He has, in fact, been supported by her, and the claim must be similar to that of one who has advanced his money to fulfil the object of a trust, and comes to be reimbursed of the trust fund. _ But I have known no instance of a mother, of ability to maintain her children, having themselves no property of their own, who has been reimbursed for doing so. It is said, generally, that parents of ability are bound to maintain their children, though a difference is indicated, where the mother has entered into a second marriage. 1 Bl. Com. 446. Reeve dom Rel. ch. 9. In Valentine vs. Bladen, Harp. 306, it was held, that the mother might maintain an action on a contract made with her for the work and labor of her son. But if she be entitled to the services of her child, she must be bound for his maintenance. The decree is affirmed.
Johnson and Dunkin, Chancellors, concurred.
Johnston, Ch. absent from indisposition.